# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY RICKY SOLOMON,<br><br>        Plaintiff,<br><br>   v.<br><br>T. S. ARLITZ, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:12-cv-01964-SKO PC<br><br>ORDER DISMISSING ACTION FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983 AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT<br><br>(Doc. 1)<br><br>ORDER THAT DISMISSAL IS SUBJECT TO THREE STRIKES PROVISION UNDER 28 U.S.C. § 1915(G) |

**I.      Screening Requirement and Standard**

Plaintiff Henry Ricky Solomon, a state prisoner proceeding pro se and in forma pauperis, filed in this civil rights action pursuant to 42 U.S.C. § 1983 on December 3, 2012. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 556 U.S. at 678.

Pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, *Wilhelm v. Rotman*, 680 F.3d 1113, 1121-23 (9th Cir. 2012); *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010), but Plaintiff's claims must be facially plausible to survive screening, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

## II. Discussion

### A. Allegations

Plaintiff, who is currently incarcerated at California Substance Abuse Treatment Facility and State Prison in Corcoran, brings this action against Warden T. S. Arlitz, Lt. M. Stewart, Officer M. Lopez, Officer J. Bittle, Officer J. Perez, Warden R. Keldgord, Captain J. Harden, Counselor G. Garcia, Chief Deputy Warden C. Lawless, Counselor B. Daviega, Services Analyst P. Munoz, Officer J. Hernandez, Officer Nino, and Sergeant Diaz for violating his constitutional rights while he was at Kern Valley State Prison. Plaintiff's claims arise out of his disciplinary conviction for possession of heroin, and he alleges his rights under the Eighth Amendment and the Due Process Clause of the Fourteenth Amendment were violated.

On October 21, 2010, Plaintiff and his cellmate complied with Defendant Lopez's request to submit to a cell search. Plaintiff and his cellmate were removed from the cell and held in the shower while their cell was searched. Following the cell search, Plaintiff and his cellmate were

1  placed in administrative segregation for possession of heroin, a charge which they both disputed and
2  which they were not allowed to defend themselves against.

3  Defendants Lopez and Bittle purportedly found the drugs, but they did not photograph the
4  location, and Plaintiff was not seen with drugs and he was not seen putting anything in the toilet.
5  Plaintiff was issued a CDCR-115 (Serious Rules Violation Report) on December 6, 2010, based on
6  toxicology results which were positive for a controlled substance.

7  The case was referred to the Kern County District Attorney's Office, but it was rejected on
8  February 4, 2011, due to insufficient evidence and in the interest of justice.

9  On February 17, 2011, Plaintiff was assigned an investigative employee. Plaintiff provided
10 a statement and a list of questions he wanted asked to support his defense, but his due process rights
11 were violated by the failure of staff to pursue his defense.

12 On February 18, 2011, Plaintiff's disciplinary hearing was held in absentia. Defendant
13 Stewart stated that Plaintiff refused to attend the hearing and refused to sign a chrono. Defendant
14 Stewart found Plaintiff guilty as charged and as punishment, Plaintiff lost one-hundred eighty days
15 of time credits and family visitation for three years and he was given a five-hundred sixty-one day
16 Security Housing Unit (SHU) term.

17 On March 24, 2011, Plaintiff attended an institutional classification committee hearing and
18 he informed the committee members that he was not allowed to be present for his disciplinary
19 hearing or present his defense, and that Defendant Stewart was fabricating documents. The
20 committee failed to investigate and instead told Plaintiff to file an inmate appeal. Plaintiff was
21 endorsed to a SHU facility.[1]

22 Plaintiff filed an inmate appeal, which was denied at all levels of review.

23 **B.   Plaintiff's Claims**

24     **1.   Eighth Amendment Claim**

25 While specific conditions of confinement may give rise to an Eighth Amendment claim if
26 they are sufficiently grave, the mere decision to assess a SHU term as punishment does not give rise

---

[1] Based on Plaintiff's exhibits, it appears he was transferred to California Correctional Institution to serve his SHU term.

to a viable claim under the Eighth Amendment. *Farmer v. Brennan*, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994); *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S.Ct. 2392 (1981); *Myron v. Terhune*, 476 F.3d 716, 719 (9th Cir. 2007); *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). This claim fails as a matter of law and it shall be dismissed, with prejudice.

### 2. Due Process Claims

#### a. Disciplinary Conviction

"The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." *Wilkinson v. Austin*, 545 U.S. 209, 221, 125 S.Ct. 2384 (2005). However, assuming the existence of a liberty interest in avoiding long-term SHU confinement and the loss of time credits, "a state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-2, 125 S.Ct. 1242, 1248 (2005). Because Plaintiff lost time credits as a result of being found guilty of heroin possession and that credit loss necessarily affects the length of his sentence, his claim is barred under section 1983 until and unless he overturns the credit loss, either through a petition for writ of habeas corpus or prison administrative procedures.

Therefore, Plaintiff's due process claims arising out of his disciplinary conviction are dismissed, without prejudice. *Heck v. Humphrey*, 512 U.S. 477, 489, 114 S.Ct. 2364 (1994) (until and unless favorable termination of the conviction or sentence occurs, no cause of action under section 1983 exists).

#### b. Inmate Appeals Process

Plaintiff's due process claim arising out of the denial of his inmate appeal is dismissed with prejudice. Plaintiff has no protected liberty interest at stake with respect to the appeals process and he may not pursue a due process claim based on the consideration and resolution of his appeal. *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988).

### III. Conclusion and Order

Plaintiff's Eighth Amendment claim arising out of the assessment of a SHU term as punishment and his process claim arising out of the consideration and resolution of his inmate appeal fail as a matter of law. Because the deficiencies are not capable of being cured through amendment, those claims shall be dismissed, without prejudice, for failure to state a claim. *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012). Plaintiff's due process claims arising out of his disciplinary charge, hearing, and conviction are dismissed, without prejudice, on the ground that they are barred until such time as Plaintiff invalidates his credit loss. *Wilkinson*, 544 U.S. at 81-2; *Heck*, 512 U.S. at 489.

Based on the foregoing, it is HEREBY ORDERED that:

1. This action is DISMISSED for failure to state a claim under section 1983 as follows:

   a. Plaintiff's due process claim arising out of the consideration and resolution of his inmate appeal and his Eighth Amendment claim arising out of the assessment of a SHU term as punishment are dismissed with prejudice; and

   b. Plaintiff's due process claims arising out of his disciplinary charge, hearing, and conviction are dismissed, without prejudice; and

2. This dismissal is subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g). *Silva v. Di Vittorio*, 658 F.3d 1090, 1098-99 (9th Cir. 2011).

IT IS SO ORDERED.

**Dated:**   **March 27, 2013**               /s/ Sheila K. Oberto
                                    UNITED STATES MAGISTRATE JUDGE